to the morning, United States of America versus Paul E. Is it Pavulak or Pavulak? Pavulak. Pavulak. All right. Mr. Miller? May it please the Court, my name is Matthew Miller and I will be speaking today on behalf of Appellant Paul Pavulak. Before I start, may I reserve two minutes for rebuttal? Granted. Two? Two minutes. Yes, thank you. This appeal concerns the trial and sentencing of Paul Pavulak, a 60-year-old, 68-year-old Vietnam veteran with two adult children, Randy and Gwen, who own and operate a successful concrete design business. In the Federal District Court for the District of Delaware, Mr. Pavulak was convicted of failure to update his sex offender registration, possession of child pornography, attempted production of child pornography, attempt to entice a minor to commit a prohibited act, and commission of a sex offense by a person who is required to register. Mr. Miller, the panel has carefully read all the briefs and I think is well prepared to consider your arguments. So rather than have you waste any of the precious time here that you provided, I'd make a suggestion here, and this is not to preempt in any way either of my colleagues or you for that matter, but speaking for myself, it would seem to me that your strongest argument before us goes to the Fourth Amendment issue that you've raised, goes to the suppression issue. And at least I think you should begin with that and allow the panel to explore that question with you. Yes, Your Honor, I'd be happy to. The issues relating to the warrant here are twofold. First, Mr. Pavulak requested on two occasions a Franks hearing, whereby the court would examine the sufficiency of the affidavit of probable cause, which led to the issuance of the warrant. Mr. Pavulak thought that he was entitled to a Franks hearing because he made a substantial preliminary showing that the affidavit supporting the warrant contained false statements or omissions that evinced a reckless disregard. What were the false statements? The false statements, the first comes in paragraph two of the affidavit, that Mr. Pavulak met and married a Russian woman who he met overseas. What difference does that make? Well I think the difference that it makes is that the entire affidavit seems crafted as a whole to give the impression that Mr. Pavulak is more devious than he is, is more scheming than he is, and was a more recent sex offender than he actually was. Why does it matter if he met her in this country or in Russia? I think that there's a general perception that if you're meeting a Russian woman online, traveling to Russia and bringing her home to marry her without having met her before, there's a certain scandalousness attached to that transaction. I think that creating the impression that he has essentially got himself a mail-order bride makes the affidavit look as though they've found a more, I guess a more deviant mark than they actually have. This is a person that Mr. Pavulak met through ordinary means and they had a bona fide relationship. Also I think an important point in the affidavit is that... You said there were two misstatements. Yes, there were other misstatements. I think it's also important to note that the way the affidavit is crafted in paragraphs one and three, I think very clearly suggests that Mr. Pavulak committed sexual offenses against a child, child molestation in particular, in 1997 and then again about eight years later. In reality these... It didn't say that, did it? What we happen to have is a situation where the events occurred very close in time, but the disposition occurred later, right? That's correct, and the warrant in that respect is factually true. The convictions did occur when the warrant says they occurred, however I think that it carefully omits the fact that these offenses both occurred in early 1997 through 1999. I think that the impression that is created is that Mr. Pavulak was a long-term continuing sex offender rather than somebody who had two... Where the conduct occurred more than ten years ago. Isn't your stronger argument here, Mr. Miller, what's not in this affidavit and application as opposed to your suggestion about some falsehoods that we can argue may or may not be material here? Yes, Your Honor, I think that what the affidavit is missing most notably is a description of the images that were allegedly child pornography and that led to the issuance of the warrant. Let me ask you one question about the information that the magistrate had, obviously the affidavit. Was the internal police memorandum that is also in the record part of what the magistrate had available or was it limited to the affidavit itself? I believe that what the magistrate had was only the affidavit. It's not incorporated into the affidavit at all, so we just have a document here, we don't know what happened to it. Well I think what the internal memorandum shows is that there's a path here by which this information got to the magistrate. First of all, there were the confidential informants who spoke to Officer Carver who then spoke to the affluent Nancy Skubik and this information has traveled through these several steps before it gets to the magistrate and to the extent that the reference to child pornography can represent a description of the images rather than a conclusion about the content of the images, that conclusion has to be drawn by the magistrate. It could possibly be drawn... Can I just stop you for one second? So the answer to Judge Rosenthal's question was yes, the magistrate saw it, the internal police report? Quite frankly, I'm not sure if the... Maybe your friend will be able to answer that. Perhaps he'll be able to help out. But the point though is that the finding or the conclusion that these images were illicit child pornography has to be made by a magistrate, that is a non-delegable duty. Are you suggesting that the magistrate had an obligation under the governing law to look at the images? That is not what I'm suggesting. I think that the law is pretty clear that the best way for the magistrate to make the conclusion is to look at the images. But in the absence of attached photographs or images or documents of any kind, a detailed description can suffice if the magistrate is still the one making the decision. In fact, we've said as much in the Miknovich opinion, which I'm not sure why, but the government cites as supporting its position. I mean, we said outright it remains the better practice for an applicant seeking a warrant based on images of alleged child pornography to append the images or to provide a description of the images sufficient to enable the magistrate to determine independently whether probable cause exists. Now, that panel found other reasons for being able to uphold the warrant, but we're not even close in this case to having the images themselves either presented or described to the magistrate. Are we? That's correct, Your Honor. I think it's... I realize that's a softball to you, but I'm going to be interested in hearing from the government on that. Well, I think that it is problematic that the magistrate had nothing even approaching a description of these images. Because like I said, that is a non-delegable duty that   to look at the documents and I'm going to look at the documents and I'm going to look enough here before us that we can issue this warrant. What's the relevance of, well, what's the role of the combination of the information that was in the affidavit, the description that was provided about the images and the information about the prior convictions? Even if either one of them alone wouldn't have been sufficient, we've got the two combined. Right. And I think that that is somewhat exemplary of the way this case proceeded as a whole, and that you substitute inference for evidence. They created this impression that Mr. Pavulak was an active sex offender who had a Russian bride, et cetera. And I think that they substituted these statements about his character for the actual evidence that there was child pornography that had been viewed on the computer at concrete Well, isn't there also a question as to the nature of his prior criminal record? And isn't the nature of the charges upon which he was convicted here a question for purposes of whether or not they ought somehow to preponderate to make a stronger case for probable cause here? No, I think that that is... No? I think that that's precisely what Justice Sotomayor said we were not supposed to do, and that you can't raise an inference that because... With all due respect to Justice Sotomayor, when she wrote she was on the Second Circuit, we're in the Third, and we have a case by the name of John. Brilliant opinion. It is a brilliant opinion that somebody stumbled into through the help of colleagues, I'm sure, but it would seem to speak to this point. You know, my recollection of the John case is not sufficient to opine on that at the moment. But I think that either way, you shouldn't be raising an inference that because somebody has a prior conviction under state law for unlawful conduct... Molestation. For molestation. Not prior convictions. Prior convictions for molestation, but not for possession of child pornography. That's correct. Or manufacture of child pornography, or attempt to manufacture child pornography. That's correct, Your Honor. What should that mean to the magistrate? And what should it mean to us on review? I think that standing alone, it doesn't mean very much. I think that in combination with other factors, the affiant was hoping that it would produce the effect that the magistrate would say, okay, it looks possible to me that this person's been viewing child pornography. But I don't think that that is the way the law is supposed to be handled. I think that the evidence that he was viewing child pornography had to be sufficient standing alone, absent his status as a prior sex offender. We don't, we're not allowed to consider, at least for the facial validity of the affidavit, or good faith reliance on the affidavit, the combination of the convictions that show sexual proclivities, at least at one point in time, with the descriptions that were available? Are you saying it's irrelevant? The fact of the convictions is simply irrelevant to the probable cause determination, or the good faith determination? Our position is that it has a tangential relevance, but it can't be the touchstone for the issuance of the warrant. And in a case where there is no description of the images, I think that his status as a sex offender took the court way too far. I think that they weren't authorized to use that in order to issue the warrant without the description. I think the description still has to be the touchstone. That is the determination that the magistrate has to make. The magistrate's job was to consider what the images may have been and whether they were child pornography, not to consider the character of Mr. Pavulak and whether he seemed like the kind of person who may have been viewing child pornography. I don't think that was a proper grounds on which to uphold the warrant. Can you tell me your best case for the proposition that prior convictions for sexual molestation of minors has such tangential relevance? It's the opinion that was drafted by Justice Sotomayor, and I have to take a look here to... The Second Circuit opinion? The Second Circuit opinion, I think, because it's not based on case law. It's talking about an inferential logical fallacy. Falso. Falso, yes. Thank you, Your Honor. It's not something that's based on precedent. It's just based on a simple logical argument that I think holds true. You don't know of any cases, really, that speak to that issue one way or another. Is that safe to say? That's safe to say, Your Honor. I think it's also safe to say, though, that a warrant affidavit is not supposed to focus on the character of the suspect. And I think that you don't find many cases on that topic because it's not really an appropriate way to attain a search warrant from a magistrate, especially in a case like this where the person's prior history will be so loaded. There's the general perception that sex offenders will always recidivate. And while even to the extent that that may sometimes be true, it's not enough for the issuance of a warrant affidavit should be based upon. At some point, perhaps we'll have to write on this topic, and you've mentioned a couple of guideposts for us on a going forward basis. Do you have any others, any other things that you think should be sort of a baseline for a magistrate judge to consider before issuing a warrant in like circumstances? Well, I think that the United States v. Wider case in the Middle District of Pennsylvania. It's a district court opinion, though. Certainly not demeaning district court opinions. It can be really brilliant. They can be. I've seen ones out of the Southern District of Texas that just exude wisdom. But not precedent. But not precedent. But is there reasoning in Wider that we might use? I think that there is, Your Honor. The affidavit in Wider made conclusive references to child pornography and even went further than the affidavit in Mr. Pavulak's case in that the affiant said that there were images of females that were underage, appeared to be in their young teens, and that they were nude and posed suggestively. I think that the real guidepost here is that the magistrate has to be the one making the decision. This is not a duty that can be delegated to the affiant or to an informant to the affiant. Somebody working at concrete resurfacing and design is not necessarily qualified to make a decision that an image he's seen is lascivious. If I can follow up just for a second. So in the paragraph in the affidavit that describes images of girls 12 to 15, pretty young, and the word describes them elsewhere in the paragraph is child pornography, that if the words nude or lascivious poses had been added to that paragraph, that would have been enough. But absent those words, it doesn't pass muster? Well, I think that even those words are somewhat conclusory. The Third Circuit uses the Dost factors to determine whether an image is child pornography. And it's important because not every image of a nude child or a nude human of any kind constitutes pornography. And it is a somewhat complicated delicacy. But you have to concede that it does move the ball downfield a bit more than what we have here, right? I'm not sure what you mean by kicks the ball downfield. I'm sorry, Your Honor. Gets it closer to the sufficiency. Yes, it certainly would. The term lascivious, I think, would be important. It's much more descriptive than child pornography. And it also demonstrates some knowledge of the standard that they're hoping to meet. Whereas in the affidavit here, there's a definition provided in the front of child erotica that is broader than the test for child pornography in the Third Circuit under Dost. And so the only indication we have of what the affiant or the informant was basing the conclusion that these images were pornography is this definition. And otherwise, we know very little about what standard they were using. And whether or not an image qualifies as pornography, I think is a delicate and somewhat complicated test. So there's not even a real assertion of a violation of the statute in this, I guess, according to your argument, right? That's correct, Your Honor. The affidavit of probable cause is supposed to detail a statutory violation. Of course, it was a state search warrant. So it would presumably have been looking to some state statutory violation. But it doesn't even cover that, does it? That's correct. Delaware has laws, as do our federal laws as well, relating to child exploitation images. And as I understand it, the standard for what qualifies as child pornography is roughly the same as under the federal standard. They have a broader definition for something that they call child erotica. But that is not what was at issue in the charges against Mr. Pavulak. Thank you. We'll have you back on rebuttal, Mr. Miller. Thank you. Mr. McAndrew. Good morning, Your Honors. May it please the Court, Edward McAndrew for the United States. I'd like to just pick up with the issue that Your Honors were just discussing with my friend, the probable cause issue, and in particular, the DOST factors. The defendant has said that the real issue with the search warrant is that there's not enough of a description of the images, and that is therefore fatal to the probable cause analysis. And points to the DOST factors, that there should have been some analysis of the DOST factors. But I just want to put this in context first. This is the president judge of the Superior Court looking at a state warrant for dealing in child pornography. As far as I can tell, I just checked again last night, the state of Delaware hasn't adopted the DOST test for defining what is the lascivious exhibition of the genitals. All right. Well, let's put the DOST factors aside. Tell us if you would, everything that is in this affidavit. Certainly, Your Honor. And I think it's important to look at everything that's in the affidavit, because we're talking about the totality of the circumstances. As we must. And whether there was a substantial basis, and that's what we're looking at. So if you start at the beginning, you begin with a tip that comes in in October of 2008 to the Sex Offender Registration Unit, not the Child Predator Task Force that does child pornography cases. What's the relevance of the fact that it's a non-anonymous tip? The person was willing, apparently, to identify themselves. That's correct, Your Honor. And I think it adds to the reliability and the basis of knowledge for the tip, as we learn later in the affidavit. But the tip comes in that the defendant is a registered child sex offender. So that's the first thing that we know. And that he's at this office, this concrete technology office, and he's viewing what the affiant describes as child pornography. Now, what's the basis for this tip? It's a non-anonymous tip. It's reasonably detailed, if you read the follow-up paragraphs, reliable, and there's a basis for the knowledge. The individuals we know are familiar with the business. One identifies the owners of the business as. Would you agree that the mere fact that the CI is known, or can be identified, still does nothing to elaborate upon what specifically constitutes child pornography? Oh, absolutely. And what, in this case, was believed to be child pornography? Sure. I would agree with that. So it really doesn't add anything if the problem here is what constitutes child pornography? Not standing alone. That paragraph, the fact that they have a basis of knowledge standing alone, doesn't add anything. It just shows that there's a reason to believe that they're in a position to see this stuff. But the attack here, the problem here, is not whether we believe the CI or not. The problem is what did the CI see, view, and what did he report to law enforcement, and what did law enforcement put in the affidavit? There's the issue of the affidavit. There's also the trial testimony where we get more about what the CI saw, what they say they remember seeing, and what the detective who did the interviews, not took the initial tip, but did the interviews, said they told him, and then what he told the affiant, who is not the person who did the interviews with the confidential witnesses, but what we have is a shorthand description. Well, absolutely. We have a real shorthand description, and I truly am not trying to be tendentious with this question, but can you conceive of a more spare shorthand application or description than this? Well, one that didn't reference... In a child porn case. I'm sorry, Your Honor. One that didn't reference the ages. So we have child pornography, and be it as it is a description, it's the statutory term. It's not devoid of meaning. I think this Court has made clear in some of its recent opinions that it would like to see more detail. Magistrates should have more detail. The Miknovich case for one. Certainly, but that comes two years after this search warrant is issued. And I think what we do see there, it's important to note, though, that in Miknovich, we're talking, the Court is talking about a better practice, or even perhaps a best practice. And over the past couple of years, a lot of these cases... You said better practice is the line. I said better, but quite honestly, if the image is attached, depending on what the other facts are that are in the affidavit, that might be the best practice. There's no need for a warrant, I guess. More or less. We already have it in hand. There wouldn't even be a need for a warrant. It's not always the case. And it's not the case in this instance that we have it in hand or have even seen it. And in the peer-to-peer context... Which was the case in Vosburgh, for example. Correct. The case in Vosburgh, the case in Shields, the case in a number of other circuits that we cite cases in a number of other circuits for the proposition, that the courts really haven't required proof, at the probable cause stage, of any actual access to an image. Now in this case, we know he's accessing images. And I think everyone agrees that they're pornographic images. The question is whether they're adults or children. And that's different from Vosburgh. That's different from Shields, where there was no evidence whatsoever that the defendants had accessed any image. The evidence was that they were members of boards that traded images. That they had a suggestive email, I think, in Shields was the case. Little will be the love. In Vosburgh, we had a defendant actually trying to access a dummy image created by an undercover agent. There was no image at all. Now if that's the only link he's ever clicked on, there may not be any child pornography on his computer. So the courts haven't required that level of certainty, near certainty, I think the Ninth Circuit called it in Gord, at the probable cause stage. I do want to point, Your Honors, to a few other cases that I didn't cite in our brief. United States v. Shelton. It's an unpublished opinion of the Seventh Circuit in 2011. But the description there was from a repairman. It was a 12-year-old girl undressing to a state of complete nudity in a bedroom. That's better than what we have here, because it at least says nudity. But nudity, we know, alone isn't sufficient for lasciviousness. But the court said, there's common sense support when you look at all the facts that this computer might contain child pornography. So why, the affidavit certainly could be much better and more detailed. We're talking about degrees, and nudity is itself a descriptive term. And is more specific in its descriptive nature than is the more general child pornography. Would you agree? I would agree. And if you look at the state statute, the state statute actually uses the term prohibited sex act. And then it lists a bunch of different prohibited sex acts. One of those is the lascivious exhibition of the generals. But in the context, what I've seen through the case law, and the cases we're citing in our brief, is courts haven't drawn a bright line at the probable cause stage between what might be termed child erotica and what is actually child pornography. Particularly when we're talking about tips from the public provided to the police. They don't have an opportunity to look at the images themselves. They're limited to what information they can get from the public and the other surrounding circumstances. So I think in this scenario, the totality of the circumstances becomes very important. Would this affidavit have been sufficient had the description provided by the second confidential informant about his perception of the ages of the children in the images not been there? If all you had was the first informant saying 16 to 18, which is kind of at the upper range, and you didn't have the description of 12 to 15 year olds provided by the second CI, would there have been a problem that you might not be able to get over? Well, it's even weaker for sure. No doubt. I mean, particularly when you're talking about the little bit that we have in the description area, every little bit counts. 12 to 15 is much better than 16 to 18, obviously. But we're in this gray area of lascivious exhibition, first of all. Those words, of course, don't appear. Well, they're in the statute. And dealing in child pornography is the statutory term. One thing that's interesting about the Weider case, it wasn't appealed, so this court never got to consider that. But the court said no. I think that the judge said, I think we ought to be using the statutory terms. All this says is sex act. Well, actually, we did use that. The detectives here did use the statutory term, child pornography. It's not devoid of meaning, is what I'm saying. It's not irrelevant. But you have to look at everything else. Does the affidavit even really assert a violation of a Delaware statute? Well, I think it does, of dealing in child pornography. Because I think it's asserting that he may have possessed or produced child pornography. Granted, it is not the strongest affidavit. But what it's saying is that they saw him. These are two different people being interviewed on different occasions and discussing different occasions of him using these computers to view sexually suggestive, they don't use, in trial they use the term sexually suggestive, images on the computer they talk about the fact that he's doing it in, he's using, they end up buying a laptop for him because there are so many porn pop-ups on the computer. They talk about how he's getting them. In the affidavit, one of the CIs says it appeared that he was getting them by email, which is important because one of those affidavits is for an email search one, and identifies the email. Um, they talk about, one of the CIs talks about the trip to the Philippines, and the fact that he was going to meet quote-unquote females, we don't know if they're minors or adults, okay, and he's taking a camera. And he just bought a camera for this that holds an hour and a half of video. But isn't that critical that they don't know that they're minors or adults? It is. None of these things standing alone. And an affidavit's not going to be read in a hypothetical manner. But if you go paragraph by paragraph, I'd be arguing good faith a lot stronger than I'd be arguing probable cause. But when you put it all together, I think you have ongoing conduct. Let's, although we've not gotten to that with your friend on the other side, let's talk good faith. Let's assume for purposes of argument that this search warrant fails because of the inadequacy of the affidavit. And the court has done that in the past, Your Honor, and has certainly authored the Dennington opinion in 2010. It was an unpublished opinion, but one where that approach was taken. And courts across the country have done this on occasion. They've simply said, look, the probable cause question is too close to call, or it's doubtful. I think Judge Jordan might have used the term doubtful in the Heiberger case, and Judge Shiraz, I think you were on the panel on that in 2010. But that approach has been taken in a number of cases in this court and other courts, where the court has simply said, we'll assume no PC. But we have, and the Supreme Court just recently reaffirmed in Messerschmidt, in which we cite, that a neutral magistrate has issued a warrant as the clearest indication that the officers acted in an objectively reasonable manner. So the question then becomes whether there's some evidence to suggest that they weren't acting in an objectively reasonable manner, that they should have known that there's no way this affidavit contained probable cause, and they were acting in bad faith. And I don't think we have that here, just based on the case law. And you can go back to- Well, even if you look at the existence of some case law from other circuits, there is a basis to conclude that this might be enough, right? I believe so, Your Honor. The cases, the circuits are by far not uniform. But that fact leads you to say that it's not clearly established law in this circuit at the time that this search warrant is executed, or sworn out, and certainly in many other circuits, that an inadequate description of the images alone is fatal to a warrant, where the totality of the circumstances might otherwise suggest that there is probable cause. And if you look, you could go back to the Knox case in this court, where this court held that the lascivious, for there to be a lascivious exhibition of the genitals, the images need not even be nude. And that was on a sufficiency of the evidence challenge following a conviction. So that was a much higher burden of proof. And the court was saying, even if they're not nude, you could still have lascivious exhibition. That's still the law of the circuit. If you go from there and look at some of the other decisions that we cite in the brief, courts haven't drawn a bright line. A lot of courts have said there's actually probable cause if you have images that are just amount to child erotica. One of the cases I wanted to point out, and again, I know I'm reaching in citing or providing you with cites to unpublished decisions. Well, you're certainly permitted to do that. We're just not permitted to do it. Well, I'm doing it because I'm looking for similar factual scenarios that could be helpful in terms of rationale. And U.S. versus Grove, a 2011 decision out of the Fifth Circuit. The brother there, an adult brother, saw pictures of boys in his brother's closet, ages four to 16. The description was partially nude or in various states of undress. And the court said, you don't need to show specific individualized evidence of possession at the probable cause stage. So that's the law. And that's fairly illustrative of some of the cases coming down across the country. That's the law. And certainly, you have Dennington and Highwater from this court that said the agents acted in good faith under similar circumstances. I think in Harberger, the description was teenage or younger girls engaging in sexually explicit conduct. I'm sorry, go ahead. Teenage or younger girls engaging in sexually explicit conduct. That was the description. That's a little bit better than child pornography. But actually, under 2256, it talks about sexually explicit conduct. So again, it's just back to the statutory term. The other thing I would point to is, the citizens thought enough of this to call the cops, to go to the police. That's a fact that the Seventh Circuit recently noted in United States versus Shelton in 2011, where a repairman provided a description of a 12-year-old girl undressing to a state of complete nudity in a bedroom. That's it. So in terms of good faith, we are in a situation where the defense is saying, no, you should, I see my time is up. I'm sorry. We're in a situation where you should be distinguishing at the probable cause stage between child erotica and child pornography. And no one should be able to rely on it if you get it wrong. Isn't it a problem, though, that where the information that is not shared with the magistrate in any detail is derived from a layperson who has perhaps characterized it as child pornography, that person may not make the same distinctions between child erotica and child pornography that you and I would, that a person with legal training would, that a person who's a trained investigator would? Well, and I think that's why, and when you look at the trial testimony, you get some more detail. Even when you look to that memorandum, which, in fact, was not submitted to the court. That's right. Just to clear that up. You get more detail. The affidavit's not particularly well-drafted. But in terms of good faith, I think it happens... That happens when you guys in the federal system adopt these state prosecutions, doesn't it? You're stuck with the work the state does. It does, and, you know, but we look at the case overall. We look at the totality of the circumstances in deciding to do that. And you can look to the trial testimony here. And you don't just have the trial testimony of Mack and Riggs. You have the trial testimony of the detective who interviewed them who says, no, they told me they saw sexually explicit activity with children. I think it was sexually explicit activity involving children. Whether they were as forthcoming on the stand in front of a jury as they might have been with him is something we don't know. But certainly, he's saying, that's what they told me when I interviewed them. And then that's what he told Detective Skubick, the affion. So at the end of the day, the affion is going on information she's received from another law enforcement agent and relying upon that.  Or was even reckless based on everything else that they had. I would like, and my time's up. I'm sorry. It's all right. As Judge Becker used to say, you're on our time now. We'll give you another minute. Thank you. I would like to go back to whether you can consider his past history. Falso is a bit of a different case. Because in falso, there was no indication the guy was viewing pornography of any type. All right. So that's the inferential fallacy of ancient origin, I think. Also an 18-year conviction. 18-year-old conviction. 18-year-old conviction. But this is not a recent conviction. No, this is, what, 10, 8? I mean, it's not as old as 18. Staleness come in here. Well, I think here's the issue. It's undisputed he was viewing some pornography, whether it's adult or child. That's what's missing in falso. The fallacy in falso is to say, well, a guy, and let's just take another example. A guy likes playing basketball. He must have images on his computer of people playing basketball. That's the fallacy. The difference here is the defendant was the type of person who had images that related to sexual matters, be they adult or child. So falso is a little bit different there. And I would point the court to its decisions in other contexts, in the drug context, for instance, where it is said that prior crimes are not irrelevant to the probable cause determination. I'm just looking for the quote. And I think it's an important point, because we're talking about the totality of the circumstances. So the defense would be asking the court to say, you can't consider other crimes at the probable cause stage. I think you can consider everything at the probable cause stage. It's U.S. versus Stern, 597, F3, 540, 2010. And the statement was, the use of prior arrest and convictions to aid in establishing probable cause is not only permissible, but it is often helpful. Now, the crimes have to be of the same general nature. And I think that's what then-judge Sotomayor was getting at in falso. She didn't think the crimes were, and the panel didn't think the crimes were close enough in terms of their nature. But here you've got that additional evidence that he is a computer viewer of some type of pornography. So I think it holds some value. I wouldn't hang my hat on it, standing in isolation. But it does add to the mix. Thank you very much. Thank you, Your Honor. Mr. Miller, rebuttal. I think it bears noting that my colleague has cited several cases supporting where an affidavit of probable cause was found to properly support a warrant. And in each of them, there was more description than what we had here. Even when one of the ones that he cited as being particularly flimsy, they said that it was a girl completely undressing in her bedroom. And I think that under the factors that determine whether something is child pornography or not, I think that setting is very important. I think being in a bedroom and undressing is surely a suggestive setting. And it also underscores that there is this subjective element in whether or not something constitutes pornography. And that's exactly the determination that the magistrate has to be making. It's not something that the magistrate can rely on from the affidavit or from an informant. The magistrate himself has to make that decision. In the case Shadwick v. City of Tampa, 407 U.S. 345, the court wrote, it cannot be disputed that a magistrate or similar judicial authority, not an NCMEC or a police officer, must determine the presence of probable cause in an application for a search warrant. And I think that what we've seen here is that there was a confidential informant who worked at Mr. Pavulak's kid's business who described something as child pornography. We're not sure what it was. The affiant then just simply reiterated that statement, and the magistrate was reduced largely to a rubber stamp. He had no ability to make any kind of determination as to what these images are or were and whether they were child pornography. And the affiant basically should have known better. She's an experienced officer who should have known that she had to describe a violation of the statute in order for probable cause to be found. But is it, you know, turning to the second issue that we discussed with your friend, is there any, is there any evidence that the, that the officers didn't act in good faith? Well, the good faith exception is substantially weakened, where the affiant is also the executing officer. Because if, if you write the affidavit. That's the legal principle. The question was, is there any evidence? In the execution of the warrants, I don't know. But I think that the drafting of the affidavit, and the fact that it doesn't bother to describe a violation of a statute, shows at least that the affiant was cutting corners. Now, there's no outright falsehoods or anything, right? Well, I think that the, we mentioned a few of the outright falsehoods. Let's assume we conclude that they are not relevant or material to the probable cause determination or the facial validity of the warrant. Okay, even if the falsehoods are not material, and you're looking at the totality of the circumstances, as my colleague has stressed, the totality of the circumstances are simply this conclusory description that something was child pornography from somebody who wasn't qualified to make that determination. And then the fact that, I guess, Mr. Pavulak had the prior sex conviction. That's the whole totality of the circumstances. And I think even if it is appropriate to consider his status as a sex offender, I don't think it can take you the whole way. There's nothing else in this warrant that helps to support probable cause. I think the most persuasive element is his status as a sex offender. Thank you very much. Thank you. Thank you, Mr. McHenry. Case was well argued. There's some interesting issues here that the court will take on as we take the matter under advisement. And we'll ask the, to close the proceedings, I'll also ask that a transcript of the argument be prepared. Thank you.